FILED
United States Court of Appeals
Tenth Circuit

March 7, 2022

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

CURTIS A. ANTHONY,

    Defendant - Appellee.

---------------------

THE HUMAN TRAFFICKING
INSTITUTE,

    Amicus Curiae.

No. 21-6015
(D.C. No. 5:15-CR-00126-C-5)
(W.D. Okla.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, **MATHESON**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, and **CARSON**, Circuit Judges.[*]

_____

On January 12, 2022, the panel's opinion issued in this matter, and the court's judgment entered the same day. An active judge of the court then called a poll, *sua sponte*, to consider en banc review of the panel decision. A majority of the non-recused

_____

[*] The Honorable Jerome A. Holmes, the Honorable Robert E. Bacharach, and the Honorable Veronica S. Rossman are recused in this matter and did not participate in the en banc poll.

active judges of the court voted not to rehear the case en banc, and as a result the poll failed. *See* Fed. R. App. P. 35(a).

Judges Hartz, Carson and Eid voted to grant en banc rehearing. Judge Hartz has prepared the attached written dissent from the denial of en banc rehearing, which is joined by Judge Eid. Judges Matheson and Phillips have prepared the attached written concurrence in the denial of en banc rehearing.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk

2

21-6015, *United States v. Anthony*

**HARTZ, J**., Circuit Judge, joined by **EID**, Circuit Judge, dissenting.

I respectfully dissent from the denial of en banc rehearing. Defendant Curtis Anthony was convicted of child-sex trafficking and conspiracy to commit child-sex trafficking. He was one of a number of men who sexually abused R.W. As a result of that abuse, R.W. will need extensive psychological treatment, estimated by one witness as costing more than $800,000. But under the law applied by this court, Mr. Anthony could not be required to pay restitution to R.W. for any of this treatment unless the government could prove that his sexual abuse was the but-for cause of some identifiable portion of the treatment. This result is both very unfortunate and contrary to the teachings of Supreme Court precedent, which has recognized that the restitution statute does not require but-for causation in similar circumstances.

In *Paroline v. United States*, 572 U.S. 434 (2014), the Supreme Court decided how a district court should determine restitution for psychological injury when a victim of child pornography is viewed by a multitude of offenders. Apparently everyone involved in the case assumed that one could not assign specific psychological-treatment costs to specific views of the child pornography by specific offenders, so the Supreme Court in effect treated the victim's psychological injury as an indivisible injury (that is, an injury that cannot be divided by cause, with each part of the injury having a separate cause). It then held that the district court could order restitution in essentially the same manner as juries commonly apportion damages for indivisible injuries in civil cases, *see, e.g.*, Restatement (Third) of Torts: Apportionment of Liability § 8 (1999) (the Restatement),

1

except that intentional tortfeasors are not always jointly and severally liable for restitution. There was debate within the Court on whether the language of the restitution statute permitted such apportionment or instead always required proof of but-for causation of specific injuries; but that issue is now resolved.

This case presents quite similar circumstances. The victim experienced severe psychological trauma caused by sexual assaults by numerous perpetrators. Mr. Anthony was one of the perpetrators. But this court holds that he cannot be required to pay any restitution for psychological treatment because the prosecution did not prove what particular psychological treatment was caused by what perpetrator. The restitution statute, says the panel opinion, requires a showing that Mr. Anthony was a but-for cause of particular treatment and damages.

In the view of the panel, a but-for "showing should be attainable in many instances and likely could have been made here," thereby distinguishing *Paroline*. *United States v. Anthony*, 22 F.4th 943, 946 (2022). When that showing cannot be made, too bad. It was apparently the panel's view that a restitution award to R.W. was precluded only because of the incompetence of the prosecution. To be sure, the prosecution has made a serious error in this case in not understanding the meaning of but-for causation. It has argued that it proved but-for causation through the testimony of an expert who opined that R.W. would have needed just as much psychological therapy even if the only sexual abuse she had suffered was that from Mr. Anthony. As the panel opinion points out, however, that amounts to showing that Mr. Anthony's crime was a *sufficient* cause of her injury, not a showing that his crime was a *necessary* (but-for) cause.

2

But the prosecution's error on that score is not the real problem in the denial of restitution. I fail to understand the confidence of the panel in thinking that the prosecution can usually come up with an expert who can convince the sentencing judge that a particular component of the psychotherapy needed by a victim of multiple assaults would not have been necessary but for a particular assault. I would think that such proof would be rare indeed. Psychologists may have great success in helping people deal with psychological problems. But that does not mean that they have sufficient knowledge of the brain to say that a victim would not need a particular drug or a particular therapy or the last few weeks of a particular therapy if the defendant had not committed a particular one of many assaults upon the victim. I doubt that I am unique as a judge in my skepticism that any psychologist has the expertise to find but-for cause in cases like this. What if such a judge was the sentencing judge? Would the judge have to decide between believing the "expert" or denying restitution? (The common-law rule is that the party alleging that the damages are divisible has the burden to prove divisibility. *See* Restatement § 26 cmt. h.) I think it unacceptable to put a judge to that choice.

It is my hope that the Supreme Court will have an opportunity to clarify the law in the area of restitution for psychological injury and permit judges to impose restitution even when the judge believes the psychological damages cannot be divided by cause.

3

21-6015, *United States v. Anthony*

**MATHESON** and **PHILLIPS**, Circuit Judges, concurring in denial of en banc review.

This court voted correctly to deny en banc review. We write separately to note the unusual procedural history of this case. Two panel opinions are relevant: *United States v. Anthony*, 942 F.3d 955 (10th Cir. 2019) ("*Anthony I*"), and *United States v. Anthony*, 22 F.4th 943 (10th Cir. 2022) ("*Anthony II*").

In *Anthony I*, the panel held that the restitution statute limits restitution to losses directly and proximately caused by the defendant's offenses. In so doing, we rejected the government's argument for a sufficient-causation standard and adopted a but-for causation standard instead. No judge called for a poll, and we rejected the government's request for en banc rehearing. *See* Order, *United States v. Anthony*, No. 18-6047 (Feb. 25, 2020).

In *Anthony II*, we reviewed a straightforward application of *Anthony I*. We agreed with Mr. Anthony and the district court that the government had failed to show but-for causation. Instead, the government sought to prove Mr. Anthony's offenses were a sufficient cause for the victim's losses—exactly what we rejected in *Anthony I*. The government did not seek rehearing.

Despite this court's denial of en banc rehearing in *Anthony I*, and despite the government's decision not to seek rehearing in *Anthony II*, Judge Hartz sua sponte called for en banc review. In his dissent from the court's denial of that request, Judge Hartz appears to agree with our application of *Anthony I* in *Anthony II*. He therefore wishes for reconsideration of *Anthony I*.

1

Judge Hartz is concerned that *Anthony I*'s but-for causation standard makes it too difficult for victims to recover restitution.[1]  *Anthony II* fails to validate or shed light on that concern because, on remand from *Anthony I*, the government and its expert did not apply the but-for causation standard.  For the reasons stated in *Anthony I*, we disagree with Judge Hartz's discussion of *Paroline v. United States*, 572 U.S. 434 (2014).

---

[1] *See Burrage v. United States*, 571 U.S. 204, 216-17 (2014) ("We doubt that the requirement of but-for causation . . . will prove a policy disaster.  A cursory search of the Federal Reporter reveals that but-for causation is not nearly the insuperable barrier the Government makes it out to be.").

2